# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**HARRY EDMOND REAVES,**

      **Plaintiff,**

-vs-                 Case No.  2:07-cv-809-FtM-34DNF

**GORDON MANSFIELD, Acting Secretary,
Department of Veterans Affairs, HILTON
DANIELS, Chief of Police, Fort Myers
Police Department, JOHN SNOW,
Secretary, Department of Treasury,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

 This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT OF INDIGENCY CONSTRUED AS A MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **December 13, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

 On December 18, 2007, the Court entered an Order (Doc. 5) which required the Plaintiff Harry Edmond Reaves to file an amended complaint.  The Court informed Mr. Reaves that it had reviewed his original Civil Rights Complaint (Doc. 1) and found that it failed to state a claim upon which relief may be granted, and pursuant to 28 U.S.C. §1915(e)(2)(B), the Court would dismiss his case if he

failed to file an Amended Complaint on or before January 21, 2008. Mr. Reaves failed to file an Amended Complaint.

When an application is filed to proceed without the prepayment of fees, the Court is obligated to review the Complaint pursuant to 28 U.S.C. §1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

In his Complaint, the Plaintiff states that he bringing this action against the Police Department of the City of Fort Myers due to the Police Department shutting down his V.F.W., American Legion Post 192, "and each and every place in The Black Community up and down Martin Luther King Blvd. tearing down as many places as they can, instead of giving us a chace [sic] to elect a new Board of Veterans to work so veteran [sic] have a place to gather." (Doc. 1, p. 8). The Plaintiff states that the Police Department with the Lee County Code Enforcement has taken as many properties from Blacks as they can to hurt Blacks. Mr. Reaves believes "it is a plan pushed on The Police Department by The City of Fort Myers and Lee County, working in concert!" (Doc. 1, p. 9). Mr. Reaves claims that the Black veterans do not have any place to socialize. Mr. Reaves would like to have time to elect a new board of directors rather than tearing down the Black V.F.W. and American Legion. (Doc. 1, p. 9). Mr. Reaves requests that the Police Department do random visits, hold workshops, or park in front of the V.F.W.  He is asking the Secretary of the V.A. to speak to local authorities and he seeks new management for V.F.W.'s all over America.  The Plaintiff also is asking the Secretary of the Treasury to investigate the local police department to determine if the local police department needs assistance with "Community Orientated Policing."

Mr. Reaves failed to state how each of the Defendants violated his rights under the Constitution, laws, or treaties of the United States, and he failed to provide support in the statement of facts for the claimed violations. More than conclusory and vague allegations are required to state a cause of action. The Complaint fails to state a cause of action upon which relief may be granted. Further, Mr. Reaves failed to comply with this Court's Order (Doc. 5) requiring him to file an Amended Complaint by January 21, 2008.

Therefore, it is respectfully recommended that the Plaintiff's Complaint (Doc. 1) be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and for failure to comply with a Court Order; and the Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __4th__ day of February, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record